# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANA D. JACKSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO, and PLAZA SERVICES, LLC,<br><br>　　　　　Defendants. | Civ. No. 19- 2326 (NEB/BRT)<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court on Plaintiff Dana D. Jackson's Complaint (Doc. No. 1), and First Amended Complaint (Doc. No. 5). For the following reasons, the Court recommends dismissing all of Jackson's claims in this action except for her claim against Defendant Plaza Services, LLC (Plaza Services) under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–213.

## I.    COMPLAINT ALLEGATIONS

Jackson filed the original Complaint on August 22, 2019. (*See* Compl. 1.) She then filed the First Amended Complaint on September 5, 2019. (*See* First Am. Compl. 1.) Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ." Here, the Complaint has yet to be served and Jackson may thus amend her original complaint as a matter of

course. The Court will therefore treat the First Amended Complaint as this action's operative pleading.[1]

Jackson alleges that Defendant Wells Fargo "denied [her] legitimate cashiers check . . . to make a deposit in the bank." (First Am. Compl. 4.)[2] She claims that this has "caused [her] homelessness," that she has "lost [a lot] of money," and that the check's denial caused various mental-health issues. (*Id.*) Jackson also alleges that when she confronted the "Wells Fargo manager inside Plaza Services"—claiming that Wells Fargo had interfered with her "right to free trade" and her constitutional rights—the manager told her that she (the manager) "[did] not have to abide by such things because Wells Fargo is a private sector company." (*Id.* at 4–5.)

As for Plaza Services, Jackson alleges that it "barred [her] from [a] building as a result of [her] mental health" and also filed charges against her in small-claims court. The reference here appears to be to a pending matter in the Milwaukee County Circuit Court. *See* Docket, *Plaza Services, LLC v. Jackson*, No. 2019SC033526 (Wisc. Cir. Ct.), *available at* https://wcca.wicourts.gov/case.html (last accessed Oct. 7, 2019).[3]

---

[1]  Of particular note, the Court observes that the First Amended Complaint drops as Plaintiffs Blue4DPrint, Inc., and Jackson Americas Srvcs, LLC. (*Compare* Compl. 1 *with* First Am. Compl. 1.)

[2]  Because the First Amended Complaint is not consecutively paginated, references to it use the pagination provided by the Court's CM/ECF filing system.

[3]  This record is not attached to any filings in this matter. It is publicly accessible, however, and this Court may take judicial notice of public court records during case screening under 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Milner v. Roy*, No. 14-CV-3079

(Footnote Continued on Next Page)

Jackson asserts claims under (1) the ADA; (2) a "right to free trade under [a] free trade agreement with the World Trade Organization"; (3) the U.S. Constitution's Contracts Clause; and (4) 18 U.S.C. § 1951. (First Am. Compl. 4–6.)[4] As relief, she requests $2 million in damages. (*See id.* at 6.)[5]

## II.   ANALYSIS

### A.   Screening Standards

Jackson did not pay this action's filing fee; she instead filed for in forma pauperis ("IFP") status. (*See* Doc. No. 2, Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs.) In a prior order, this Court granted Jackson's IFP application. (*See* Doc. No. 4, Aug. 2019 Order 4.)[6] In cases in which the plaintiff sought and received IFP status, 28

---

(PJS/HB), 2014 WL 5489288, at *5 n.2 (D. Minn. Oct. 30, 2014), *aff'd*, No. 14-3654 (8th Cir. Feb. 26, 2015).

[4]   The First Amended Complaint also cites the constitutional provision at Article I, Section 9, Clause 1 (*see* First Am. Compl. 5), but that provision has nothing to do with the First Amended Complaint's allegations, and Jackson's quote here shows that she in fact means to refer to the Contracts Clause (i.e., Article I, Section 10, Clause 1).

[5]   Jackson does not appear to ask this Court to interfere with Plaza Services's state-court action against Jackson. To the extent she means to do so, this Court likely lacks jurisdiction. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Evans v. MN Prof'l Educator Licensing & Standards Bd.*, No. 19-CV-0951 (SRN/BRT), 2019 WL 2442258, at *1 (D. Minn. May 17, 2019) (citing *Middlesex*), *report and recommendation adopted*, 2019 WL 2437219 (D. Minn. June 11, 2019). Those elements appear to be met here.

[6]   The Order granted Jackson's IFP application, but denied those of Blue4DPrint, Inc., and Jackson Americas Srvcs, LLC. (*See* Aug. 2019 Order 4.)

U.S.C. § 1915(e)(2) specifies that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." While § 1915(e)(2) speaks in terms of dismissing "the case," courts routinely dismiss portions of cases (as opposed to entire actions) on the basis of this provision. *See, e.g.*, *Bonczek v. Bd. of Trustees Nat'l Roofing Indus. Pension Plan*, No. 14-CV-3768 (JRT/LIB), 2015 WL 1897837, at *4 (D. Minn. Apr. 23, 2015); *Abduljabbar v. Minn. Dep't of Transp.*, No. 14-CV-3583 (ADM/JSM), 2014 WL 7476513, at *4 (D. Minn. Nov. 5, 2014), *report and recommendation adopted*, 2015 WL 75255 (D. Minn. Jan. 6, 2015).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but they must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

4

### B.     Claim Under the ADA

Jackson does not specify the ADA provision under which she thinks she has a claim. However, 42 U.S.C. § 12182(a) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." To allege a disability-discrimination claim under § 12182(a), a plaintiff must allege four things:

> (1) that he is disabled within the meaning of the ADA, (2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation, (3) that the defendant took adverse action against the plaintiff that was based upon the plaintiff's disability, and (4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation.

*Koester v. YMCA of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017) (quoting *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999)).

With respect to Wells Fargo, the Court concludes that Jackson has not stated a § 12182(a) claim. In particular, she does not assert that Wells Fargo took any action against her because of a disability. (*See* First Am. Compl. 4.) The Court thus recommends dismissing without prejudice Jackson's § 12182(a) claim against Wells Fargo.

### C.     Claim Based on "Right to Free Trade"

Jackson also asserts that she has a "right to free trade" under a "free trade agreement" associated with the World Trade Organization ("WTO"). (First Am. Compl. 4.) Jackson has not provided the Court with a copy of this purported agreement,

5

or any citation to it. Furthermore, the Court is unaware of any "right to free trade" that U.S. citizens have—and can enforce against private U.S. entities—stemming from any WTO agreement. As a result, the Court recommends dismissing Jackson's right-to-free-trade claim without prejudice.

### D.   Contracts Clause Claim

Jackson suggests that she has a claim against the Defendants based on the U.S. Constitution's Contracts Clause. That provision states that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I, § 10, cl. 1. As this suggests, the Clause's thrust is to bar states from passing laws that inappropriately burden contractual relationships. As a result, to allege a Contracts Clause claim, a plaintiff must plead "(1) a contractual relationship; (2) a change in law which impairs that contractual relationship; and (3) [that] the impairment is substantial." *Mo. Corr. Officers Ass'n, Inc. v. Mo. Dep't of Corr.*, No. 10-CV-4168 (NKL), 2011 WL 1990475, at *3 (W.D. Mo. May 23, 2011) (citing *General Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992)).

Jackson does not allege a cause of action under the Contracts Clause. At root, she is complaining about the conduct of two private business entities during their direct interactions with her. This has nothing to do with the Contracts Clause and Jackson has not alleged any of the allegations needed to support a Contracts Clause Claim. The Court thus recommends dismissing Jackson's Contracts Clause claim without prejudice.

### E.   Claim Under 18 U.S.C. § 1951

Under 18 U.S.C. § 1951, "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery

or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." Putting aside whether either Defendant's alleged behavior could qualify as any relevant sort of robbery, extortion, or threat of violence, § 1951 is a federal criminal statute. Like most other federal criminal statutes, § 1951 does not provide a private right of action. *See, e.g.*, *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 407–09 (8th Cir. 1999) (citing cases); *Kissi v. U.S. Dep't of Justice*, 793 F. Supp. 2d 233, 235 (D.D.C.) (citing cases), *aff'd*, 444 F. App'x 457 (D.C. Cir. 2011). The Court thus recommends dismissing Jackson's § 1951 claim. Furthermore, because Jackson cannot plead around the fact that there is no private right of action under § 1951, the Court recommends dismissing this claim with prejudice.

## III.   CONCLUSION

Under the analysis above, this Court recommends dismissing all of the claims Jackson specifically purports to bring against Wells Fargo. Furthermore, the Court also recommends dismissing all of Jackson's claims against Plaza Services, except for her claim based on the ADA. This action will therefore proceed solely on the basis of that claim.[7]

---

[7]   As noted in footnote 5 above, this Court does not believe it would have jurisdiction in this action to the extent that Jackson wanted this Court to interfere with Plaza Services's action in Wisconsin state court. Given this, the Court observes that even though Jackson's ADA claim against Plaza Services survives screening under 18 U.S.C. § 1915(e)(2), Plaza Services is free to file a responsive motion after it is served with the

(Footnote Continued on Next Page)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   The claim in Plaintiff Dana D. Jackson's First Amended Complaint (Doc. No. 5), against Defendant Wells Fargo based on the Americans with Disabilities Act, 42 U.S.C. §§ 12101–213, be **DISMISSED WITHOUT PREJUDICE**.

2.   The First Amended Complaint's claims based on (1) a "right to free trade" based on an agreement associated with the World Trade Organization; and (2) the U.S. Constitution's Contracts Clause be **DISMISSED WITHOUT PREJUDICE**.

3.   The First Amended Complaint's claims based on 18 U.S.C. § 1951 be **DISMISSED WITH PREJUDICE**.

4.   Defendant Wells Fargo be **DISMISSED** from this action.

Dated: October 9, 2019         *s/ Becky R. Thorson*
                               BECKY R. THORSON
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

---

First Amended Complaint. Plaza Services may raise any argument as to the *Younger* abstention at that time if it deems appropriate.

8

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).