# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANA D. JACKSON, | Case No. 19-CV-2326 (NEB/BRT) |
| Plaintiff, | |
| WELLS FARGO and PLAZA SERVICES, LLC, | ORDER ON REPORT AND RECOMMENDATION |
| Defendants. | |

The Court has received the October 9, 2019 Report and Recommendation of United States Magistrate Judge Becky R. Thorson. [ECF No. 9 ("R&R").] The R&R recommended dismissing all the claims brought by Plaintiff Dana D. Jackson, "except for her claim against Defendant Plaza Services, LLC (Plaza Services) under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–213." (*Id.* at 1.) After the R&R was issued, Jackson filed a letter citing additional statutory bases for her claims. [ECF No. 13.] Jackson also filed a letter asking to be assigned a new Magistrate Judge. [ECF No. 14.] The Court construes this second letter as a motion to recuse Judge Thorson.

Jackson's basis for her motion appears to be that Judge Thorson called her "malicious" and showed "cold hearted malice" towards her. [ECF No. 14 at 1.] The Court believes these allegations are based on a separate Report and Recommendation Judge Thorson issued in a related case. *See* Report and Recommendation, *Jackson v. Wells Fargo of Plaza Services LLC*, 19-CV-2694 (NEB/BRT) (D. Minn. Oct, 24, 2016), ECF No. 6 ("Related

1

Case R&R"). In the Related Case R&R, Judge Thorson stated the rule that "[a]n IFP application will be denied, and an action dismissed, if the plaintiff has filed a complaint found to be 'frivolous or malicious.' 28 U.S.C. § 1915(e)(2)(B)(i)." (Related Case R&R at 1.) Judge Thorson recommended that the related case be dismissed with prejudice. (*Id.* at 3.)

A party may seek a judge's recusal under 28 U.S.C. § 455[1] or 28 U.S.C. § 144[2]. But "judicial rulings alone almost never constitute a valid basis for a [recusal] motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A reviewing court may consider a party's motion to recuse a United States Magistrate Judge. *See, e.g.*, *United States v. Andrews*, 381 F. Supp. 3d 1044, 1057 (D. Minn. 2019). If a party makes this motion in response to an R&R, the Court will consider the motion when it is deciding whether to accept the R&R. *See, e.g.*, *id.* Here, Jackson's basis for her request to recuse Judge Thorson is solely Judge Thorson's reasoning and recommendation in the Related Case R&R. Nothing in that R&R suggests

---

[1] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a).

[2]
> Whenever a party to any proceeding in district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

bias or prejudice.[3] There is no basis to remove Judge Thorson from this case and Jackson's request is denied.

Jackson's other filing, ECF No. 13, provides additional statutory bases for her claim. This letter does not state any specific objections to the R&R. "Without objections, a district court is under no obligation to review the factual or legal conclusions of such a report, absent requirements from the Circuit in which it sits." *Reed v. Curry Concrete Constr., Inc.*, No. 10-CV-4329 (JRT/LIB), 2011 WL 2015217, at *2 (D. Minn. May 23, 2011). When a party does not cite any reason why the R&R is incorrect, nor any basis for the Court to reach a different outcome, the Court is not required to conduct a *de novo* review of the Magistrate Judge's recommendations. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (requiring *de novo* review only for the portions of the R&R to which objections are made). Jackson's filing does not cite any specific objections to the R&R, so the court reviews the R&R for clear error. *Reed*, 2011 WL 2015217, at *2 (collecting cases); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam) (acknowledging that district courts review R&Rs for clear error absent an objection). The Court finds Judge Thorson's reasoning sound and finds no legal basis to depart from her recommendations.

Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter,

---

[3] The Court notes that Judge Thorson did not refer to Jackson as malicious, but rather was quoting the legal standard that courts use to determine if and when it should dismiss a *pro se* complaint with prejudice.

3

IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 9] is ACCEPTED;

2. The claims against Defendant Wells Fargo in the First Amended Complaint [ECF No. 5] based on the Americans with Disabilities Act, 42 U.S.C. §§ 12101–213 are DISMISSED WITHOUT PREJUDICE;

3. The claims based on (1) a "right to free trade" based on an agreement associated with the World Trade Organization; and (2) the U.S. Constitution's Contracts Clause in the First Amended Complaint [ECF No. 5] are DISMISSED WITHOUT PREJUDICE;

4. The claims based on 18 U.S.C § 1951 in the First Amended Complaint [ECF No. 5] are DISMISSED WITH PREJUDICE;

5. Defendant Wells Fargo is DISMISSED from this action; and

6. Plaintiff's request for a new United States Magistrate Judge [ECF No. 14] is DENIED.

Dated: December 3, 2019         BY THE COURT:

                                s/Nancy E. Brasel
                                Nancy E. Brasel
                                United States District Judge